**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **GUSTAVO MORALES-ORTIZ** | : | **No. 11-143** |

## **M E M O R A N D U M**

PRATTER, J.                                             DECEMBER _____, 2020

Gustavo Morales-Ortiz, currently serving a 180-month sentence, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. No. 57.)  The Government opposes. (Doc. No. 59.)

In March 2011, Mr. Morales-Ortiz was charged in an indictment with one count of possession of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 1); one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 3); and one count of possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) (Count 4).  (Doc. No. 59 at 4.)

In October 2011, Mr. Morales-Ortiz pled guilty to all four offenses.  (Doc. No. 29.) Mr. Morales-Ortiz faced a mandatory minimum sentence of 120 months for the methamphetamine count, plus a mandatory consecutive sentence of 60 months on the § 924(c) count.  At his sentencing hearing in May 2012, this Court imposed a sentence of 120 months each on Counts 1, 2, and 4, which included both drug counts and the § 922(g) count, with all sentences to run

1

concurrently, and a consecutive sentence of 60 months on Count 3, the § 924(c) count.  (Doc. No. 44.)  Mr. Morales-Ortiz filed a notice of appeal, which was later dismissed by the Third Circuit Court of Appeals in March 2013.  (Doc. No. 52.)

For the reasons discussed below, the Court will deny Mr. Morales-Ortiz's motion to vacate his sentence.

## LEGAL STANDARD

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that the sentence violated the Constitution or laws of the United States, or that the court which imposed the sentence lacked jurisdiction.  28 U.S.C. § 2255(a).  "The court is to construe a prisoner's *pro se* pleading liberally."  *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015) (citation omitted).

## I.   ANALYSIS

In his § 2255 motion, Mr. Morales-Ortiz seeks to vacate his sentence because "[t]he government failed to prove the elements of his 922(g) offense."  He further states that "he was sentenced before the date on which the right asserted was initially recognized by the [S]upreme [C]ourt."  (Doc. No. 57 at 4-5.)  While he does not reference the decision where this right was recognized, the Court understands Mr. Morales-Ortiz to be seeking relief by way of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

### A.  Motion to Vacate under § 2255

Mr. Morales-Ortiz seeks to vacate, set aside, or correct his sentence in light of the Supreme Court's decision in *Rehaif* because "the Government was required to prove that he belonged to the relevant class of persons barred from possessing firearms because his knowledge of his status is an element of the offense."  (Doc. No. 57 at 13.)  Such a claim must be filed within one year of the

2

new Supreme Court decision. *See* U.S.C. § 2255(f)(3). Mr. Morales-Ortiz has thus timely filed his § 2255 motion within one year of the *Rehaif* decision.

### 1. Concurrent Sentence Doctrine

"Under the concurrent sentence doctrine, a court has 'discretion to avoid resolution of legal issues affecting less than all counts in an indictment if at least one will survive and sentences on all counts are concurrent.'" *Parkin v. United States*, 565 F. App'x 149, 152 (3d Cir. 2014) (quoting *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997)). The doctrine "may appropriately be applied when the alleged error is associated only with counts for which concurrent sentences are imposed and the other sentences are unassailable." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986).

The only offense Mr. Morales-Ortiz challenges in light of *Rehaif* is his conviction under § 922(g). However, vacating his § 922(g) conviction would have no impact on his current sentence. Mr. Morales-Ortiz faced a mandatory minimum sentence of 120 months on the methamphetamine count, which became his guideline range, plus a mandatory consecutive sentence of 60 months on the § 924(c) count. The Court imposed a total sentence of imprisonment of 180 months, which included a concurrent term of 120 months on the § 922(g) firearm offense. Mr. Morales-Ortiz's § 2255 motion, based on his conviction under § 922(g), would have no effect on the other counts on which he was sentenced. Thus, under the concurrent sentence doctrine, Mr. Morales-Ortiz's § 2255 will be denied.

### 2. Relief under *Rehaif*

In addition to the concurrent sentence doctrine warranting the denial of Mr. Morales-Ortiz's § 2255 motion, the Court also finds that his claim for relief under *Rehaif* is without merit. A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the

3

"conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif* the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

In his motion, Mr. Morales-Ortiz states that under *Rehaif* his "knowledge of his status" as belonging to the relevant class of persons barred from possessing firearms, in his case illegal aliens, "is an element of the offense" for possession of a firearm under § 922(g). (Doc. No. 57 at 13.) However, ignorance of the law does excuse a violation of the law. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.").

Even considering *Rehaif*'s requirement that the government prove that a defendant knew his status as an illegal alien made the possession of a firearm illegal under § 922(g)(5)(A), Mr. Morales-Ortiz is still not entitled to relief. Construing his pleading liberally, the Court assumes that the relief Mr. Morales-Ortiz seeks is based on the claim that he was somehow unaware that he was an illegal alien and thus unaware that his possession of a firearm violated § 922(g)(5)(A). However, because Mr. Morales-Ortiz failed to previously raise this claim at trial or on direct appeal, and arguably has not even raised it here,[1] he has procedurally defaulted this claim and may only raise it here if he can "first demonstrate either 'cause' and actual 'prejudice,'

---

[1]     Mr. Morales-Ortiz does not state, argue, or otherwise suggest that he was unaware of his status as an illegal alien aside from his mention that the Government failed to prove his knowledge of his status under § 922(g). (Doc. No. 57 at 4.)

4

or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

Mr. Morales-Ortiz cannot demonstrate cause. While *Rehaif*'s prevailing argument as to knowledge of status had been denied in earlier appellate decisions, a claim of "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" unless the claim was so novel that its legal basis was not "reasonably available to counsel." *Id.* at 622-23 (citations omitted). Mr. Morales-Ortiz's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years, some of which the Eleventh Circuit Court of Appeals notes in its *Rehaif* opinion, which was later reversed by the Supreme Court. *See United States v. Rehaif*, 888 F.3d 1138, 1145 n.3 (11th Cir. 2018) (collecting cases). Thus, Mr. Morales-Ortiz cannot show cause. Additionally, even if Mr. Morales-Ortiz raised a claim for ineffective assistance of counsel, such a claim would not have demonstrated cause. As the Third Circuit Court of Appeals has noted, an attorney's performance is not deficient, and thus does not excuse a procedural default, where they have "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

Absent cause, the only way for Mr. Morales-Ortiz to avoid procedural default and have his § 2255 claim considered on the merits is to make a threshold showing of "actual innocence." *Bousley*, 523 U.S. at 622. Actual innocence requires a defendant to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citation omitted). While *Rehaif* requires the government to prove that a defendant knew of his illegal alien status, it does not require proof that

a defendant knew his possession of a firearm was illegal. *See United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("*Rehaif*'s discussion of 'the well-known maxim that "ignorance of the law" (or a "mistake of law") is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself.").

The question as to actual innocence is whether Mr. Morales-Ortiz knew at the time he possessed the firearm of his status as an illegal alien. Mr. Morales-Ortiz must show that it is more likely than not, after considering all available evidence, that no reasonable juror would have found that he knew of his status as an illegal alien. However, Mr. Morales-Ortiz's situation is not one in which the defendant's immigration status was uncertain at the time of his plea for the § 922(g)(5)(A) offense. For instance, in *United States v. Balde*, the Second Circuit Court of Appeals found plain error under *Rehaif* where the record showed that the defendant's immigration status was complicated and "hotly contested" in the district court. 943 F.3d 73, 97 (2d Cir. 2019). The Second Circuit noted that it could not "conclude on the present record that the government's arguments are so strong that [the defendant] would have had no plausible defense at trial and no choice but to plead guilty." *Id.*

Here, the available evidence plainly prevents Mr. Morales-Ortiz from demonstrating actual innocence as to his immigration status. The undisputed presentence report establishes that, following his release from Berks County Prison, Mr. Morales-Ortiz was placed in deportation proceedings, released on bond, and ordered to appear for a deportation proceeding. PSR ¶ 12. Additionally, the presentence report and the transcript of Mr. Morales-Ortiz's change of plea hearing establish that, on August 17, 2010, he failed to appear at the deportation hearing and an Immigration Judge ordered him deported *in absentia*. PSR ¶ 12; Doc. No. 32 at 27. As a result of his failure to appear, Mr. Morales-Ortiz was placed in fugitive status and an immigration warrant

was issued. PSR ¶ 12; Doc. No. 32 at 27. Mr. Morales-Ortiz stipulated to these facts at his change of plea hearing. (Doc. No. 32 at 29-30.)

Furthermore, at his plea hearing, because Mr. Morales-Ortiz first stated that he was in the country legally, (Doc. No. 32 at 7) the Court engaged in a colloquy with Mr. Morales-Ortiz to confirm his understanding that he was an illegal alien at the time he committed his firearm offense: "[Y]ou understand that as of November 5th of last year, 2010, when the events that led to these charges that brings you right here today, you were not in this country legally because there had been an order entered against you to deport you as a result of other activities you had undertaken?" Mr. Morales-Ortiz responded, "Yes." (Doc. No. 32 at 9.) The Court also asked if Mr. Morales-Ortiz had discussed this with his attorney to which he responded, "Yes." (Doc. No. 32 at 9.)

While the "stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) (quoting *United States v. Conley*, 802 Fed. Appx. 919, 923, (6th Cir. Feb. 5, 2020)). In *United States v. Nasir*, the Third Circuit Court of Appeals recently noted that a defendant's *Old Chief* stipulation[2] demonstrated that "he knew he was a felon at the time he signed the stipulation; [but] based on the stipulation only, it cannot rightly be said that he knew of his status as a felon when he possessed the firearms at issue." 2020 WL 7041357, at *20. The Third Circuit emphasized that the defendant "stipulated only that he was a felon; he did not stipulate to his state of knowledge at the time of the alleged crime." *Id.* at *20 n.34.

---

[2]     "*Old Chief* held that defendants in prosecutions under 18 U.S.C. § 922(g)(1) are entitled to enter a stipulation establishing their status as felons (and thus as persons prohibited from possessing firearms), in which case the government cannot introduce evidence establishing what the prior offense was." *United States v. Nasir*, No. 18-2888, 2020 WL 7041357, at *2 n.2 (3d Cir. Dec. 1, 2020) (citing defendant *Old Chief v. United States*, 519 U.S. 172, 190-91 (1997)).

7

Mr. Morales-Ortiz's situation stands in contrast to that of the defendant in *Nasir*.  At his change of plea hearing, Mr. Morales-Ortiz specifically acknowledged that the offenses he was charged with took place while he was in the country illegally.  (Doc. No. 32 at 9.)  Because Mr. Morales-Ortiz stipulated in his guilty plea colloquy that he was an illegal alien at the time of the instant offense, it is strongly suggestive from that admission that he knew of his status as an illegal alien when he possessed the firearm.  Mr. Morales-Ortiz cannot establish actual innocence under the *Rehaif* standard because he cannot demonstrate that it is more likely than not, after considering all available evidence, that no reasonable juror would conclude that he knew of his status as an illegal alien at the time he possessed a firearm.  Therefore, Mr. Morales-Ortiz's § 2255 motion to vacate his sentence based upon the Supreme Court's decision in *Rehaif* is denied.

## II.    CONCLUSION

For the foregoing reasons, the Court will deny Mr. Morales-Ortiz's motion to vacate his sentence.  An appropriate order follows.[3]

BY THE COURT:

**GENE E.K. PRATTER**
**United States District Judge**

---

[3]    When issuing a final order denying a § 2255 motion, the court must determine whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2).  Because the Court finds that Mr. Morales-Ortiz has not demonstrated a substantial denial of a constitutional right, a certificate will not issue.